

1  WRIGHT, FINLAY & ZAK, LLP
2  Gwen H. Ribar, Esq., SBN 188024
   Marvin B. Adviento, Esq., SBN 240315
3  4665 MacArthur Court, Suite 200
4  Newport Beach, CA 92660
   Tel: (949) 477-5050; Fax: (949) 608-9142
5
6  Attorneys for Defendants, Select Portfolio Servicing, Inc., Quality Loan Service
   Corporation, and The Bank of New York Mellon, fka, The Bank of New York, as
7  Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-
8  56, Mortgage Pass-Through Certificates, Series 2005-56

9                 **UNITED STATES DISTRICT COURT**
10               **CENTRAL DISTRICT OF CALIFORNIA**

11  DANIEL DWAYNE GORDEY,              )    **CASE NO: 2:14-CV-08515-R-**
12                                     )    **JPR**
                         Plaintiff,    )
13                                     )
14       vs.                           )
                                       )    **DEFENDANTS' NOTICE OF**
15  BANK OF AMERICA, NATIONAL          )    **MOTION AND MOTION FOR**
    ASSOCIATION; THE BANK OF NEW       )    **JUDGMENT ON THE**
16  YORK MELLON, FKA, THE BANK         )    **PLEADINGS AS TO**
17  OF NEW YORK, AS TRUSTEE FOR        )    **PLAINTIFF'S COMPLAINT;**
    THE CERTIFICATEHOLDERS OF          )    **MEMORANDUM OF POINTS**
18  CWALT, INC., ALTERNATIVE LOAN      )    **AND AUTHORITIES IN**
19  TRUST 2005-56, MORTGAGE PASS-      )    **SUPPORT THEREOF**
    THROUGH CERTIFICATES, SERIES       )
20  2005-56; QUALITY LOAN SERVICE      )    **HEARING:**
21  CORPORATION; SELECT                )    **Date:  January 5, 2015**
22  PORTFOLIO SERVICING, INC; and      )    **Time:  10:00AM**
    DOES 1 – 10, inclusive,            )    **Courtroom: 1-2nd Floor**
23                                     )
24                       Defendants,   )    *(**Filed concurrently with Request**
25                                     )    *for Judicial Notice**)*
26                                     )
                                       )
27  _____      )
28

                                       1
--------------------------------------------------------------
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
*Gordey v. Bank of America, N.A., et al.*, Court Case No. 2:14-CV-08515-R-JPR

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 5, 2015, at 10:00AM in Courtroom 8-2[nd] Floor of the above-entitled Court, Defendants Select Portfolio Servicing, Inc. ("SPS") and The Bank of New York Mellon, fka, The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-56, Mortgage Pass-Through Certificates, Series 2005-56 ("BNY Trust", collectively "Defendants")[1], will move this Court for an Order dismissing the Complaint ("Complaint") of Plaintiff Daniel Dwayne Gordey ("Plaintiff") pursuant to *Federal Rules of Civil Procedure* ("*FRCP*"), Rule 12(c) and FRCP, Rule 9. This motion is made on the grounds that Plaintiff has failed to state a claim upon which relief may be granted against Defendants, since the claims are insufficient and/or contradicted by matters of which this Court may take judicial notice. This motion is made on the further grounds that Plaintiff has alleged fraud, but has failed to allege any facts to support his claims for fraud with the requisite specificity under Rule 9.

This Motion is based upon Plaintiff's Complaint, this notice of motion and motion, the attached memorandum of points and authorities, the complete files and records in this action, the request for judicial notice filed concurrently

///
///
///
///
///
///

---

[1] Defendant Quality Loan Service Corporation ("QLS") filed a declaration of non-monetary status with the Los Angeles County Superior Court on October 10, 2014, pursuant to California *Civil Code*, section 2924l. Plaintiff filed no opposition. Accordingly, QLS is no longer required to participate any further in this litigation, except to respond to any discovery and be bound by any non-monetary order or judgment of the Court.

1

WRIGHT FINLAY & ZAK[LLP]
ATTORNEYS AT LAW

1  herewith, the oral argument of counsel and upon such other and further evidence
2  as this Court might deem proper.

3                                    Respectfully submitted,

4                                    WRIGHT, FINLAY & ZAK, LLP

5

6
   Dated: November 25, 2014      By:  /S/Marvin B. Adviento, Esq.
7                                     Gwen H. Ribar, Esq.
8                                     Marvin B. Adviento, Esq.
                                      Attorneys for Defendants, Select Portfolio
9                                     Servicing, Inc., Quality Loan Service
10                                    Corporation, and The Bank of New York
                                      Mellon, fka, The Bank of New York, as
11                                    Trustee for the Certificateholders of
12                                    CWALT, Inc., Alternative Loan Trust 2005-
                                      56, Mortgage Pass-Through Certificates,
13                                    Series 2005-56

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS
*Gordey v. Bank of America, N.A., et al.*, Court Case No. 2:14-CV-08515-R-JPR

# TABLE OF CONTENTS

**Page No.**

MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION** ....................................................................... 1

II. **STATEMENT OF FACTS** ........................................................ 1

III. **DISCUSSION** .......................................................................... 2

    A. **The Standards Applied to A Motion For Judgment on the Pleadings** ....................................................................... 2

    B. **The Entire Complaint Fails Because Plaintiff Fails to Allege a Valid Tender** ........................................................... 4

    C. **Plaintiff's First Claim for Intentional Misrepresentation Fails Because Plaintiff Did Not Allege Any Wrongful Conduct by Defendants with the Requisite Specificity Under Rule 9(b)** ........... 5

    D. **Plaintiff's Second Claim for Negligent Misrepresentation Fails Because Plaintiff Did Not Allege Any Misrepresentation Made by Defendants, Nor Any Evidence of a Duty Owed to Plaintiff** ...... 7

    E. **Plaintiff's Third Claim for Violation of Duty of Good Faith And Fair Dealing Fails Because Plaintiff Has Not Alleged Any Misconduct by Defendants** ............................................... 10

    F. **Plaintiff's Fourth Claim for Promissory Estoppel Fails Because Plaintiff Fails to Allege Any Clear and Unambiguous Promise, Detrimental Reliance or Damages** ...................................... 12

    G. **Plaintiff's Fifth Claim for Violation of Cal. Business and Professions Code, Section 17200 Fails Because All Underlying Claims Fail** ................................................................... 13

IV. **CONCLUSION** ..................................................................... 15

-i-

Table of Contents - Motion for Judgment on the Pleadings
*Gordey v. Bank of America, N.A., et al.,* Case No. 2:14-CV-08515-R-JPR

# TABLE OF AUTHORITIES

**Page No.**

## Cases

*Abdallah v. United Savings Bank,*
    43 Cal.App.4th 1101, 1109 (1996) ...............................................4,5

*Argueta v. J.P. Morgan Chase,*
    CIV. 2:11-441 WBS, 2011 WL 2619060, *5
    (E.D. Cal. June 30, 2011) .......................................................10

*Arnolds Management Corp. v. Fisher,*
    (1984) 158 Cal.App.3d 575, 578-579..........................................4

*Ashcroft v. Iqbal,*
    129 U.S. 662, 678 (2009) .......................................................3

*Balisteri v. Pacifica Police Dept.,*
    (9th Cir. 1988) 855 F.2d 1421, 1424 .........................................3

*Bell Atlantic Corp. v. Twombly,*
    (2007) 550 U.S. 544, 570 127 S. Ct. 1955, 1965 .........................3

*Bower v. AT & T Mobility, LLC,*
    196 Cal.App.4th 1545, 1557 (2011)..........................................6

*Cel– Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,*
    20 Cal.4th 163, 184, 187 (1999)..............................................14

*Cates Construction, Inc. v. Talbot Partners,*
    21 Cal.4th 28, 43-44 (1999) ...................................................10

*Conley v. Gibson,*
    355 U.S. 41, 45-46 (1957) .....................................................2

*Dack v. Shanman,*
    (S.D.N.Y 1964) 227 F. Supp. 26, 30 .........................................3

*Das v. Bank of America, N.A.*,
    186 Cal. App. 4th 727, 740 (2010) ........................................................8,9

*Decker v. Glenfed, Inc.*,
    42 F.3d 1541, 1548 (9th Cir. 1994).........................................................5

*De La Cruz v. Tormey*,
    (9th Cir. 1978) 582 F.2d 45, 48, <u>cert. denied</u>, 441 U.S. 965 (1979) .........2

*DiVittorio v. Equidyne Extractive Indus.*,
    822 F.2d 1242, 1247 (2d Cir. 1987) .........................................................5

*Dooms v. Federal Home Loan Mortg. Corp.*,
    CV F 11-0352 LJO DLB) 2011 WL 1303272, *8-9
    (E.D. Cal. Mar. 31, 2011) ....................................................................9,10

*Durell v. Sharp Healthcare*,
     (2010)183 Cal.App.4th 1350, 1359, 1366, 1370....................................14

*Durning v. First Boston Corp.*,
    (9th Cir. 1987) 815 F.2d 1265, 1267 ........................................................3

*Eddy v. Sharp*,
    199 Cal. App. 3d 858, 864 (1998) ...........................................................8

*Engalla v. Permanente Medical Group, Inc.*,
    15 Cal.4th 951, 974, 976-977 (1997) .......................................................7

*F.P.B.I. Rehab 01 v. E&G Investments, Ltd.*,
    (1989) 207 Cal.App.3d 1018, 1021 .........................................................4

*Fairchild v. Park*,
    90 Cal. App. 4th 919, 927 (2009) .........................................................11

*Gillespie v. Civiletti*,
    (9th Cir. 1980) 629 F.2d 637, 640.........................................................2

*Guz v. Bechtel National, Inc.*,
    24 Cal.4th 317, 349-350 (2000) ...........................................................11

-iii-

Table of Contents - Motion for Judgment on the Pleadings
*Gordey v. Bank of America, N.A., et al.,* Case No. 2:14-CV-08515-R-JPR

*Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga*,
 175 Cal. App. 4th 1306, 1344 (2009) .................................................10

*Irish Lesbian & Gay Organization v. Giuliani*,
 (2nd Cir. 1998) 143 F3d 638, 644 ...................................................2

*Jonathan Neil & Associates, Inc. v. Jones*,
 33 Cal.4th 917, 937 (2004) .................................................11

*Karimi v. Wells Fargo*,
 5:2011CV00461, U.S. Dist. LEXIS 47902, *7
 (C.D. Cal. Mar. 17, 2011) .................................................9

*Karlsen v. American Savings & Loan Assoc.*,
 15 Cal.App.3d 112, 117 (1971) .................................................4,5

*Khoury v. Maly's of California, Inc.*,
 14 Cal.App.4th 612, 619 (1993).................................................14

*Lange v. TIG Insurance Co.*,
 68 Cal. App. 4th 1179, 1185-1186 (1998) .................................................12

*McCarthy v. Mayo*,
 (9th Cir. 1981) 643 F.2d 618, 624.................................................3

*McKell v. Wash. Mut., Inc.*,
 (2006) 142 Cal.App.4th 1457.................................................14

*Mehta v. Wells Fargo Bank, N.A.*,
 10CV944 JLS AJB, 2011 WL 1157861, *3
 (S.D. Cal. Mar. 29, 2011) .................................................12

*National Union Fire Ins. Co. of Pittsburgh, PA v.
Cambridge Integrated Services Group, Inc.*,
 171 Cal. App. 4th 35, 50 (2009) .................................................7

*Nguyen v. Calhoun*,
 105 Cal.App.4th 428, 439 (2003) .................................................4

-iv-

Table of Contents - Motion for Judgment on the Pleadings
*Gordey v. Bank of America, N.A., et al.*, Case No. 2:14-CV-08515-R-JPR

*Nymark v. Heart Fed. Savings & Loan Ass'n.,*
    231 Cal. App. 3d 1089, 1096 (1991) ........................................................8

*Perlas v. GMAC Mortg., LLC,*
    187 Cal.App.4th 429, 434, 436 (2010)..............................................6,8,9

*Puentes v. Wells Fargo Home Mortg., Inc.,*
    160 Cal.App.4th 638, 643-644 (2008) ..............................................13,15

*Quinteros v. Aurora Loan Services,*
    740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010) ..........................................12

*Renteria v. U.S.,*
    452 F. Supp. 2d 910, 922–923 (D.Ariz. 2006) .........................................9

*Ricon v. Recontrust Co.,*
    09CV937-IEG-JMA, 2009 WL 2407396, *2
    (S.D. Cal. Aug. 4, 2009) ..............................................................................5

*Saunders v. Sup.Ct.,*
    (1999) 27 Cal.App.4th 832, 838..............................................................13

*Service by Medallion, Inc. v. Clorox Co.,*
    44 Cal. App. 4th 1807, 1818 (1996) ........................................................7

*Sierra-Bay Fed. Land Bank Ass'n. v. Superior Court,*
    227 Cal. App. 3d 318, 334 (1991) ..........................................................9

*Smith v. City and County of San Francisco,*
    225 Cal. App. 3d 38, 49 (1990) ..............................................................10

*Spinks v. Equity Residential Briarwood Apartments,*
    171 Cal. App. 4th 1004, 1054 (2009) ......................................................11

*Stinson v. Home Insurance Co.,*
    (N.D. CA 1988) 690 F. Supp. 882, 886 ..................................................3

*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.,*
    100 Cal. App. 4th, 44, 55 (1992) ............................................................11

-v-

Table of Contents - Motion for Judgment on the Pleadings
*Gordey v. Bank of America, N.A., et al.,* Case No. 2:14-CV-08515-R-JPR

*Tarmann v. State Farm Mutual Automobile Insurance Company,*
        2 Cal. App. 4th 153, 157 (1991) ................................................................5

*Toscano v. Greene Music,*
        124 Cal. App. 4th 685, 692 (2005) ........................................................12

*US Ecology, Inc. v. State,*
        129 Cal. App. 4th 887, 901-905 (2005) ............................................12,13

*United States Cold Storage v. Great Western Savings & Loan Assoc.,*
        165 Cal.App.3d 1214, 1222 (1985) .......................................................4,5

*Vess v. Ciba-Geigy Corp. USA,*
        317 F.3d 1097, 1006 (9th Cir. 2003) .......................................................5

*Wagner v. Benson,*
        101 Cal. App. 3d 27, 35 (1980) ...............................................................8

*Wang & Wang LLP v. Banco Do Brasil, S.A.,*
        CIV.S-06-00761 DFL K, 2007 WL 915232, *2
        (E.D. Cal. Mar. 26, 2007) .......................................................................5

*Western Mining Council v. Watt,*
        (9th Cir. 1981) 643 F.2d 618, 624............................................................3

*Williams v. Wraxall,*
        33 Cal. App. 4th 120, 132 (1995) ............................................................7

*Wilson v. Hynek,*
        183 Cal.App.4th 1350, 1366 (2012)........................................................14

*Youngman v. Nevada Irrigation Dist.,*
        70 Cal.2d 240, 249 (1969) .....................................................................12

## <u>Statutes</u>

*Business & Professions Code* §17200 ......................................................1,13,14

*Civ. Code* §§ 1486, 1493, 1494 and 1495 ...............................................4

*Code of Civil Procedure* §338(d) ...........................................................6

## <u>Rules</u>

*FRCP,* Rule 9 ...........................................................................................1
*FRCP,* Rule 9(b) .....................................................................................5,6
*FRCP,* Rule 12(b)(6) ..............................................................................2,3
*FRCP,* Rule 12(c) ....................................................................................1,2

## <u>Other Sources</u>

Moore's Federal Practice (3d ed. 2006) Vol. 2, ¶ 12.34 [4][a], [b] ...................2,3

-vii-
Table of Contents - Motion for Judgment on the Pleadings
*Gordey v. Bank of America, N.A., et al.,* Case No. 2:14-CV-08515-R-JPR

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff alleges in conclusory fashion that he should have been provided a loan modification because he was 1) fraudulently induced into obtaining the loan and 2) fraudulently induced into obtaining a loan modification. However, Plaintiff alleges no facts whatsoever to support any of his several claims for intentional misrepresentation, negligent misrepresentation, violation of duty of good faith and fair dealing, promissory estoppel and violation of California Business and Professions Code, section 17200.

What is undisputed is that Plaintiff obtained a loan in August 2005 for $825,000.00, subsequently defaulted in December 2011, and a non-judicial foreclosure is pending. In an attempt to forestall the foreclosure, Plaintiff has brought this lawsuit in the hopes of forcing a modification for which he is not entitled. Based on the arguments presented below, this Complaint should be dismissed with prejudice.

## II.   STATEMENT OF FACTS

On or about August 9, 2005, Plaintiff obtained a loan from Countrywide Home Loans ("Countrywide") in the amount of $825,000.00 (the "Loan"). Request for Judicial Notice filed concurrently herein ("RJN"), Exhibit 1. The Loan was and is evidenced by a Note and secured by a Deed of Trust encumbering real property located at 24719 Via Valmonte, Torrance, California 90505 (the "Subject Property"). Id.

The Loan was ultimately transferred and assigned to The Bank of New York Mellon, fka, The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-56, Mortgage Pass-Through Certificates, Series 2005-56 ("BNY Trust"), as evidenced by an Assignment of Deed of Trust recorded with the Los Angeles County Recorder's Office on August 30, 2012. RJN, Exhibit 2.

WRIGHT FINLAY & ZAK^{LLP}
ATTORNEYS AT LAW

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
*Gordey v. Bank of America, N.A., et al.*, Court Case No. 2:14-CV-08515-R-JPR

1    Due to Plaintiff's subsequent default on the Loan in December 2011, a non-
2  judicial foreclosure was commenced.  On March 7, 2014, a Substitution of Trustee
3  ("SOT") was recorded with the Los Angeles County Recorder's Office. RJN,
4  Exhibit 3.  Pursuant to the SOT, Quality Loan Service Corporation ("QLS") was
5  substituted in as trustee under the Deed of Trust.
6    A Notice of Default was recorded on March 11, 2014 ("NOD"). RJN,
7  Exhibit 4.  Plaintiff, of course, failed to cure the default and a Notice of Trustee's
8  Sale was recorded on June 16, 2014 ("NOTS"). RJN, Exhibit 5.

9  **III.    DISCUSSION**

10   **A. The Standards Applied to a Motion for Judgment on the Pleadings**

11    Pursuant to *Federal Rules of Civil Procedure* ("*FRCP*") Rule 12(c), after
12  the pleadings are closed--but early enough not to delay trial--a party may move for
13  judgment on the pleadings. Generally, any party may bring a Motion for Judgment
14  on the Pleadings if said motion is filed before the deadline set by the court under
15  Rule 16(b). Here, the Court has yet to schedule a motion cut-off deadline or a trial
16  date. Therefore, Defendant's Motion for Judgment on the Pleadings will not cause
17  a delay of trial and has been brought in a timely manner.

18    A Motion under *FRCP* Rule 12(c) is similar to a Motion to Dismiss under
19  *FRCP* Rule 12(b)(6) in that each motion tests the legal sufficiency of the parties'
20  allegations. Accordingly, the same standard applies to both motions. *Irish Lesbian*
21  *& Gay Organization v. Giuliani* (2nd Cir. 1998) 143 F3d 638, 644.

22    The standard to be applied to a motion to dismiss pursuant to *FRCP* Rule
23  12(b)(6) is well-established:  a complaint may be dismissed if it appears beyond
24  doubt that plaintiff can prove no set of facts in support of its claim which would
25  entitle it to relief. *Conley v. Gibson* 355 U.S. 41, 45-46 (1957). *See also Gillespie*
26  *v. Civiletti*, (9th Cir. 1980) 629 F.2d 637, 640; *De La Cruz v. Tormey*, (9th Cir.
27  1978) 582 F.2d 45, 48, cert. denied, 441 U.S. 965 (1979).  Further, according to
28  *Moore's Federal Practice*:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WRIGHT FINLAY & ZAK, LLP
ATTORNEYS AT LAW

> Dismissal under Rule 12 (b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief....Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint. . . . (3d ed. 2006) Vol. 2, ¶ 12.34 [4][a], [b].

Additionally, although Plaintiff needs to provide only a 'short and plain statement of the claim,' [pursuant to *FRCP* Rule 8]... Where the claims in a complaint are insufficiently supported by factual allegation, the claims may be disposed of by summary dismissal. *See also Balistreri v. Pacifica Police Department*, (9th Cir. 1988) 855 F.2d 1421, 1424; *Stinson v. Home Insurance Co.*, (N.D. CA 1988) 690 F.Supp. 882, 886; *Dack v. Shanman*, (S.D.N.Y. 1964) 227 F.Supp. 26, 30 (dismissing complaint where count was so sketchy as to be unintelligible). Although all well-pled facts in the complaint are deemed true in ruling on a motion to dismiss, conclusory allegations are disregarded. *McCarthy v. Mayo*, (9th Cir. 1987) 827 F.2d 1310, 1316. A plaintiff cannot avoid this bar by clothing legal conclusions in the guise of facts to take advantage of the liberality with which courts otherwise view pleadings. *Western Mining Council v. Watt*, (9th Cir. 1981) 643 F.2d 618, 624. As recently stated by the U.S. Supreme Court: "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, (2007) 550 U.S. 544, 127 S. Ct. 1955, 1965; *Ashcroft v. Iqbal*, 129 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, the Court is not limited to the allegations of the complaint in ruling on a motion to dismiss but can also consider any documents attached to the complaint. *Durning v. First Boston Corp.* (9th Cir. 1987) 815 F.2d 1265, 1267.

///

///

///

3

WRIGHT FINLAY & ZAK^{LLP}
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## B. <u>The Entire Complaint Fails Because Plaintiff Fails to Allege a Valid Tender</u>

As a matter of law, in order to challenge a foreclosure sale for any reason, or to set it aside, or to bring *any claim* that arises from a foreclosure sale, a plaintiff must allege proper tender. *Abdallah v. United Savings Bank* 43 Cal.App.4th 1101, 1109 (1996) (emphasis added.); *see also United States Cold Storage v. Great Western Savings & Loan Assoc.* 165 Cal.App.3d 1214, 1222 (1985); *Karlsen v. American Savings & Loan Assoc.* 15 Cal.App.3d 112, 117 (1971). The Second District California Appellate Court explained:

> This rule...is based upon the equitable maxim that a court of equity will not order a useless act performed....if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. *F.P.B.I. Rehab 01 v. E&G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1021.

The tender rule is strictly applied under California law. *Nguyen v. Calhoun* 105 Cal.App.4th 428, 439 (2003). As a condition precedent to any action challenging a foreclosure, the borrower must tender or offer to tender a sum sufficient to cure the default. *Karlsen, supra.*, 15 Cal.App.3d at 117 (judgment on the pleadings granted); *Arnolds Management Corp. v. Fisher* (1984) 158 Cal.App.3d 575, 578-579.) Further, the tender must have been made in *good faith*; the party making the tender must have had the *ability to perform*; and the tender must have been *unconditional.* (Cal. *Civ. Code* §1486 (full performance), 1493 (good faith), 1494 (unconditional) and 1495 (offeror must have ability to perform). The tender requirement extends to "any cause of action" arising from an alleged improper foreclosure. *Karlsen, supra.*, 15 Cal.App.3d at 117; *Arnolds Management Corp. v. Fisher, supra.*, 158 Cal.App.3d at 578-579.

4

1     Before challenging the validity of a foreclosure sale, a plaintiff must first
2 tender and have the ability to tender the entire amount owing on the Deed of Trust.
3 *Abdallah v. United Savings Bank* 43 Cal.App.4th 1101, 1109 (1996) (emphasis
4 added.); see also, *United States Cold Storage v. Great Western Savings & Loan*
5 *Assoc.* 165 Cal.App.3d 1214, 1222 (1985); *Karlsen, supra.*, 15 Cal.App.3d at 117.
6 Because Plaintiff has not alleged proper tender or facts supporting the ability to
7 tender, Plaintiff cannot prevail on any of his claims. This Court, therefore, should
8 grant Defendants' Motion to Dismiss.

9     **C. Plaintiff's First Claim for Intentional Misrepresentation Fails**
10     **Because Plaintiff Did Not Allege Any Wrongful Conduct by**
11     **Defendants with the Requisite Specificity Under Rule 9(b)**

12     Under the heightened pleading requirements of Federal Rules of Civil
13 Procedure, Rule 9(b), a party must state the circumstances constituting the fraud
14 with particularity. Plaintiff must include the "who, what, when, where, and how"
15 of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1006 (9th Cir. 2003)
16 (citation omitted). "The plaintiff must set forth what is false or misleading about a
17 statement, and why it is false." *Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1548 (9th
18 Cir. 1994). "[W]here multiple defendants are asked to respond to allegations of
19 fraud, the complaint must inform each defendant of his alleged participation in the
20 fraud." *Ricon v. Recontrust Co.*, 09CV937-IEG-JMA, 2009 WL 2407396, *2 (S.D.
21 Cal. Aug. 4, 2009) (*quoting, DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d
22 1242, 1247 (2d Cir. 1987)). When asserting fraud against a corporation or other
23 business entity, a plaintiff must also specifically allege the names of the persons,
24 their authority to speak, to whom they spoke, what they said or wrote, and when it
25 was said or written. *Wang & Wang LLP v. Banco Do Brasil, S.A.*, CIV.S-06-00761
26 DFL K, 2007 WL 915232, *2 (E.D. Cal. Mar. 26, 2007) (*citing, Tarmann v. State*
27 *Farm Mutual Automobile Insurance Company*, 2 Cal. App. 4th 153, 157 (1991).
28     As an initial matter, Plaintiff's contentions that the originator of the loan

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

1  misrepresented the ease with which he could refinance or modify the terms of his
2  Loan are themselves time-barred. *See*, Compl. ¶46.   Claims regarding the
3  origination of the Loan are barred by the three-year statute of limitations under
4  California *Code of Civil Procedure*, section 338(d).   Since Plaintiff obtained the
5  Loan in 2005 and this action is brought more than nine (9) years later, any claims
6  in this regard fail and must be dismissed.

7      Also, none of the allegations involve moving Defendants. *See*, Compl.,
8  ¶¶44-52.   None of the purported misrepresentations were alleged to have been
9  made by SPS or BNY Trust.  Indeed, the allegations only indicate that servicing of
10  the Loan was merely transferred to SPS at some point.  Based on this lack of
11  participation by SPS or BNY Trust, this Motion should be granted.

12      In addition, Plaintiff did not allege the purported fraud with the specificity
13  required by the Rule 9(b).  Plaintiff's contentions are conclusory, vague, general,
14  and factually devoid.    Plaintiff failed to satisfy the "who, what, where"
15  requirements of pleading fraud.   Plaintiff did not separate the individual
16  Defendants and did not inform them of their alleged participation in the purported
17  fraud.   Plaintiff did not satisfy the requirements of pleading fraud against a
18  corporate entity.  For this reason alone, Plaintiff's claim fails and is subject to this
19  Motion.

20      More importantly, however, Plaintiff's claim fails because he did not and
21  cannot allege the elements of the fraud claim.  To establish a claim for fraud,
22  Plaintiff must allege facts demonstrating "(1) misrepresentation of a material fact
23  (consisting of false representation, concealment or nondisclosure); (2) knowledge
24  of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable
25  reliance on the misrepresentation; and (5) resulting damage...." *Bower v. AT&T*
26  *Mobility, LLC*, 196 Cal. App. 4th 1545, 1557 (2011); *see also*, *Perlas v. GMAC*
27  *Mortg., LLC*, 187 Cal. App. 4th 429, 434 (2010).

28

WRIGHT FINLAY & ZAK⁗
ATTORNEYS AT LAW

Plaintiff did not and cannot allege that Defendants misrepresented a material fact to Plaintiff with intent to induce Plaintiff's reliance on the representation. *See*, CACI 1900.   Further, Plaintiff did not and cannot allege its actual reliance on Defendants' alleged representation. "Actual reliance occurs when a misrepresentation is "an immediate cause of [a plaintiff's] conduct, which alters his legal relations,' and when, absent such representation, 'he would not, in all reasonable probability, have entered into the contract or other transaction.'" *Engalla v. Permanente Medical Group. Inc.*, 15 Cal. 4th 951, 976-977 (1997). Moreover, Plaintiff did not allege a causal relationship between the purported fraud and Plaintiff's damages.   And, "[a] 'complete causal relationship' between the fraud or deceit and the plaintiff's damages is required. ... Causation requires proof that the defendant's conduct was a 'substantial factor' in bringing about the harm to the plaintiff." *Williams v. Wraxall*, 33 Cal. App. 4th 120, 132 (1995). "Deception without resulting loss is not actionable fraud." *Service by Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1818 (1996).   Thus, for all the reasons set forth above, Plaintiff's claim fails and is subject to this Motion.

**D.  Plaintiff's Second Claim for Negligent Misrepresentation Fails Because Plaintiff Did Not Allege Any Misrepresentations Made by Defendants, Nor Any Evidence of a Duty Owed to Plaintiff**

To allege a claim for negligent misrepresentation, Plaintiff must allege "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group, Inc.*, 171 Cal. App. 4th 35, 50 (2009) (citations omitted).   "While there is some conflict in the case law discussing the precise degree of particularity required in the pleading of a claim for negligent misrepresentation, there is a consensus that the causal elements, particularly the

7

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

1    allegations of reliance, must be specifically pleaded." *Id.*

2         Plaintiff's claim fails because he has not alleged Defendants' purported

3    wrongful conduct with the specificity required by California law. Plaintiff did not

4    allege a misrepresentation of past or present material fact by Defendants, his

5    justifiable reliance, and his resulting damages. For this reason alone, Plaintiff's

6    claim is subject to this Motion.

7         More importantly, however, Plaintiff's claim fails because Defendants are

8    not, as a matter of law, liable to Plaintiff for negligent misrepresentation.

9         "As is true of negligence, responsibility for negligent misrepresentation rests

10   upon the existence of a legal duty, imposed by contract, statute or otherwise, owed

11   by a defendant to the injured person. The determination of whether a duty exists is

12   primarily a question of law." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1998).

13   "[A]s a general rule, a financial institution owes no duty of care to a borrower

14   when the institution's involvement in the loan transaction does not exceed the

15   scope of its conventional role as a mere lender of money." *Das v. Bank of America,*

16   *N.A.*, 186 Cal. App. 4th 727, 740 (2010) (*citing, Nymark v. Heart Fed. Savings &*

17   *Loan Ass'n.*, 231 Cal. App. 3d 1089, 1096 (1991)). "A lender 'owes no duty of

18   care to the [borrowers] in approving their loan[,] [l]iability to a borrower for

19   negligence arises only when the lender 'actively participates' in the financed

20   enterprise 'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101

21   Cal. App. 3d 27, 35 (1980).

22        California has long recognized that in commercial transactions, each party

23   acts in its own best interest. As explained in *Perlas v. GMAC Mortg., LLC*:

24        A commercial lender pursues its own economic interests in lending
25        money. A lender 'owes no duty of care to the [borrowers] in
          approving their loan.' A lender is under no duty 'to determine the
26        borrower's ability to repay the loan.... The lender's efforts to determine
27        the creditworthiness and ability to repay by a borrower are for the
28

8

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

lender's protection, not the borrower's.' *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010) (citations omitted).

Similarly, in *Das*, the court concluded that:

> "A commercial lender is not to be regarded as the guarantor of a borrower's success and is not liable for the hardships which may befall a borrower. It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid. And in this state a commercial lender is privileged to pursue its own economic interests and may properly assert its contractual rights." *Das, supra*, 186 Cal. App. 4th at 740-741 (*citing Sierra-Bay Fed. Land Bank Ass'n. v. Superior Court*, 227 Cal. App. 3d 318, 334 (1991)); *see also, Wagner, supra*, 101 Cal. App. 3d at 34 (Public policy does not impose upon the Bank absolute liability for the hardships which may befall the [borrower] it finances. The success of a borrower's investment is not a benefit of the loan agreement which the Bank is under a duty to protect).

Given this arm's length relationship between lenders and borrowers, courts have recognized that the borrowers should act on their own judgment and risk assessment to determine whether or not to accept the loan. *See, Perlas, supra,* 187 Cal. App. 4th at 436 (*citing Renteria v. U.S.*, 452 F. Supp. 2d 910, 922–923 (D.Ariz. 2006)).

The relationship between the parties to a mortgage loan transaction does not cease to exist at the time of consummation of the loan, but continues throughout the life of the loan, encompassing all actions concerning the servicing of the loan, including and any and all negotiations concerning modification of its terms and foreclosure on the collateral. *See, Karimi v. Wells Fargo*, 5:2011CV00461, U.S. Dist. LEXIS 47902, *7 (C.D. Cal. Mar. 17, 2011) (modification is an activity that is "intimately tied to Defendant's lending role").  Therefore, while the parties may engage in the process of negotiating for a loan modification, the servicer and the beneficiary are still pursuing their own economic interests in lending money and, therefore, owe no legal duty to the borrower. *See, e.g., Dooms v. Federal Home*

9

*Loan Mortg. Corp.*, CV F 11-0352 LJO DLB) 2011 WL 1303272, *8-9 (E.D. Cal. Mar. 31, 2011); *Argueta v. J.P. Morgan Chase*, CIV. 2:11-441 WBS, 2011 WL 2619060, *5 (E.D. Cal. June 30, 2011).

Based on the following authority, Defendants did not, as a matter of law, owe a legal duty to Plaintiff.  Also, Plaintiff alleges no facts, beyond mere legal conclusions, that SPS or BNY Trust ever made any misrepresentations with the specificity required by statute.

Thus, given that Plaintiff did not allege any facts to demonstrate the existence of such duty by moving Defendants, he cannot state a viable claim for negligent misrepresentation against Defendants.

### E. Plaintiff's Third Claim for Violation of Duty of Good Faith and Fair Dealing Fails Because Plaintiff Has Not Alleged Any Misconduct by Defendants

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 49 (1990).  In fact, "[b]reach of the covenant of good faith and fair dealing is nothing more than a [claim] for breach of contract." *Habitat Trust for Wildlife, Inc. v. City of Rancho Cucamonga*, 175 Cal. App. 4th 1306, 1344 (2009). "Because the covenant of good faith and fair dealing essentially is a contract term that aims to effectuate the contractual intentions of the parties, 'compensation for its breach has almost always been limited to contract rather than tort remedies.'" *Cates Construction, Inc. v. Talbot Partners*, 21 Cal.4th 28, 43 (1999).  The California Supreme Court "recognizes only one exception to that general rule: tort remedies are available for a breach of the covenant in cases involving insurance policies. In the insurance policy setting, an insured may recover ... punitive damages if there has been oppression, fraud, or malice by the insurer...." *Id.* at 43-44. "In the area of insurance contracts the covenant of good

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

1   faith and fair dealing has taken on a particular significance, in part because of the

2   special relationship between the insurer and the insured." *Jonathan Neil &*

3   *Associates, Inc. v. Jones*, 33 Cal.4th 917, 937 (2004).  Thus "with the exception of

4   ***bad faith insurance cases***, a breach of the covenant of good faith and fair dealing

5   permits a recovery solely in contract." *Spinks v. Equity Residential Briarwood*

6   *Apartments*, 171 Cal. App. 4th 1004, 1054 (2009) (*citing Fairchild v. Park*, 90 Cal.

7   App. 4th 919, 927 (2009) (emphasis added). This case is not a bad faith insurance

8   case.  Hence, Plaintiff is only entitled to state a claim in the context of a contract).

9           The covenant of good faith and fair dealing is implied by law in every

10  contract. *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 349 (2000).   It exists

11  merely to prevent one contracting party from unfairly frustrating the other party's

12  right to receive the benefits of the agreement actually made; it does not impose

13  substantive duties or limits on the contracting parties beyond those incorporated in

14  the specific terms of their agreement and it cannot contradict the express terms of a

15  contract. *Id.* at 349–350; *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100

16  Cal. App. 4th, 44, 55 (1992).

17          Plaintiff did not allege any facts to support his claim.  The sole basis of this

18  claim is that 1) the originator of the Loan concerning the ease of refinancing or

19  modifying the terms of the Loan; and 2) the prior servicer's alleged conduct in

20  connection with some unspecified loan modification application. However, no

21  facts are articulated as to moving Defendants' participation in these alleged acts.

22  Indeed, Plaintiff makes no viable allegations of any agreement upon which a claim

23  for breach of the implied covenant of good faith and fair dealing would apply.

24  While Plaintiff alleges that there was some "breach" by SPS, Plaintiff provides no

25  such allegations concerning any duty by SPS, nor does Plaintiff offer any

26  allegations concerning how a breach occurred.   Additionally, Plaintiff offers no

27  facts supporting any of the claims against SPS or BNY Trust.  Accordingly, this

28  claim fails.

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
*Gordey v. Bank of America, N.A., et al.*, Court Case No. 2:14-CV-08515-R-JPR

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

F. **Plaintiff's Fourth Claim for Promissory Estoppel Fails Because Plaintiff Fails to Allege Any Clear and Unambiguous Promise, Detrimental Reliance or Damages**

To allege a claim for promissory estoppel, Plaintiff must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise was made, (3) substantial detriment or injury, caused by the reliance on the promise, and (4) damages measured by the extent of the obligation assumed and not performed. *US Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 901 (2005); *Toscano v. Greene Music*, 124 Cal. App. 4th 685, 692 (2005).

Facts demonstrating each of the elements are essential to assert the claim. First, it is well-settled that absent an allegation of a clear, unambiguous, and enforceable promise, a claim for promissory estoppel cannot be stated. *See, Lange v. TIG Insurance Co.*, 68 Cal. App. 4th 1179, 1185-1186 (1998). Second, Plaintiff must demonstrate that he "substantial[ly] change[d] [his] position, either by act or forbearance, in reliance on the promise." *Youngman v. Nevada Irrigation Dist.*, 70 Cal.2d 240, 249 (1969). Courts have recognized that in the context of nonjudicial foreclosure, allegations of submitting modification applications or of making payments to the beneficiary and/or servicer are insufficient to establish the prerequisite detrimental reliance. *See, Mehta v. Wells Fargo Bank, N.A.*, 10CV944 JLS AJB, 2011 WL 1157861, *3 (S.D. Cal. Mar. 29, 2011); *Quinteros v. Aurora Loan Services*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010). Third, facts demonstrating a causal connection between the purported promise and the alleged damages are required. *See, US Ecology, Inc., supra*, 129 Cal. App. 4th at 902-905 (a plaintiff seeking recovery on a promissory estoppel theory must demonstrate that the defendant's breach was a substantial factor in causing the plaintiff's damages).

Even if causation is not considered an essential element of all promissory estoppel claims, because promissory estoppel is an equitable remedy, courts have

1  discretion in an appropriate case to deny relief where the plaintiff cannot
2  demonstrate that the defendant's actions caused the plaintiff's damages. Under such
3  circumstances, it would not be necessary to enforce the promise to avoid an
4  injustice. *Id.* at 905.

5       Here, as with all of the claims in the Complaint, Plaintiff did not allege any
6  facts demonstrating moving Defendants' involvement with the alleged
7  misrepresentations or other conduct of which Plaintiff complains, either with
8  respect to the origination of the loan or claims of a subsequent loan modification
9  application.  Plaintiff makes no allegations of any clear or unambiguous promise
10 made by SPS or BNY Trust.  Plaintiff merely attempts to imply that one was made,
11 but makes no reference as to who made those representations, when or even what
12 those representations were.  Further, Plaintiff did not allege any facts to support a
13 finding of Plaintiff's reasonable, detrimental reliance on such promise.  As
14 discussed above, allegations of merely submitting applications does not constitute
15 detrimental reliance.  Moreover, Plaintiff did not allege any facts demonstrating a
16 causal connection between Defendants' alleged promise and his purported
17 damages. As a result, Plaintiff's claim fails and cannot withstand this Motion.

18  **G. Plaintiff's Fifth Claim for Violation of Cal. Business and Professions**
19  **Code, Section 17200 Fails Because All Underlying Claims Fail**

20       California *Business and Professions Code*, section 17200 ("Section 17200")
21 prohibits any unlawful, unfair or fraudulent business acts or practices and unfair,
22 deceptive, untrue or misleading advertising. *Puentes v. Wells Fargo Home Mortg.,*
23 *Inc.*, 160 Cal. App. 4th 638, 643-644 (2008).  "Unlawful" practices are "forbidden
24 by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or
25 court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838 (1999).
26 "Unfair" practices constitute "conduct that threatens an incipient violation of an
27 antitrust law, or violates the policy or spirit of one of those laws because its effects
28 are comparable to or the same as a violation of the law, or otherwise significantly

13

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

1   threatens or harms competition." *Cel-Tech Communications, Inc. v. Los Angeles*
2   *Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).   When determining "whether the
3   challenged conduct is unfair within the meaning of the unfair competition law…,
4   courts may not apply purely subjective notions of fairness." *Id.* at 184.   The
5   "fraudulent" prong under the Section 17200 requires a showing of actual or
6   potential deception to some members of the public, or harm to the public interest.
7   *Id.* at 180; *see also*, *McKell v. Washington Mutual, Inc.*, 142 Cal. App. 4th 1457
8   (2006). "A plaintiff alleging unfair business practices under these statutes must
9   state with reasonable particularity the facts supporting the statutory elements of the
10  violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).

11       Plaintiff's claim fails because Plaintiff did not allege any facts to
12  demonstrate a conduct by Defendants that could be classified as an unlawful,
13  fraudulent, or unfair business act or practice.   Plaintiff did not allege any conduct
14  by Defendants that could constitute a violation of an antitrust law, or to violate the
15  policy or spirit of such law. *See Wilson v. Hynek*, 207 Cal. App. 4th 999 (2012);
16  *Durrell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366 (2010).   Further,
17  Plaintiff did not allege any conduct by Defendants that could be found to
18  significantly threaten or harm competition.   For this reason alone, Plaintiff's claim
19  fails and is subject to this Motion.

20       In addition, Plaintiff's claim fails because Plaintiff did not allege any facts to
21  demonstrate his standing to allege his claim against Defendants.   To have standing
22  to allege a claim for violation of Section 17200, a plaintiff must allege that he
23  suffered an injury-in-fact as a result of the unfair competition. Bus. & Prof. Code §
24  17204; *Durrell, supra*, 183 Cal. App. 4th at 1359.   Plaintiff did not and cannot
25  allege that he suffered an injury-in-fact as a result of Defendants' purportedly
26  deceptive conduct.   Thus, Plaintiff's claim fails.

27       Lastly, Plaintiff's claim fails because it is predicated on his remaining
28  claims, all of which fail. "[S]ection 17200 'borrows' violations of other laws and

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
*Gordey v. Bank of America, N.A., et al.*, Court Case No. 2:14-CV-08515-R-JPR

WRIGHT FINLAY & ZAK LLP
ATTORNEYS AT LAW

1  treats them as unlawful practices that the unfair competition law makes
2  independently actionable….” *Puentes, supra*, 160 Cal. App. 4th at 643-644.  Here,
3  as discussed above, Plaintiff's underlying claim concerning fraud as to the
4  origination of the loan and subsequent loan modification application is pled in
5  conclusory fashion.  As a result, this claim for unfair business practices cannot
6  stand independently and is subject to this Motion.

7  **IV.    CONCLUSION**

8      Based on the foregoing, Defendants respectfully request that this Honorable
9  Court grant their Motion for Judgment on the Pleadings as to Plaintiff's Complaint
10 in its entirety and with prejudice.

11                              Respectfully submitted,

12                              WRIGHT, FINLAY & ZAK, LLP

13

14 Dated: November 25, 2014      By:   */S/Marvin B. Adviento, Esq.*
15                                    Gwen H. Ribar, Esq.
16                                    Marvin B. Adviento, Esq.
                                      Attorneys for Defendants, Select Portfolio
17                                    Servicing, Inc., Quality Loan Service
                                      Corporation, and The Bank of New York
18                                    Mellon, fka, The Bank of New York, as
19                                    Trustee for the Certificateholders of
                                      CWALT, Inc., Alternative Loan Trust 2005-
20                                    56, Mortgage Pass-Through Certificates,
21                                    Series 2005-56

22

23

24

25

26

27

28



MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS
*Gordey v. Bank of America, N.A., et al.*, Court Case No. 2:14-CV-08515-R-JPR

# PROOF OF SERVICE

I, Marilee V. Johnson, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On November 25, 2014, I served the within **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on all interested parties in this action as follows:

[X]   by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED MAILING LIST**

[ ]   (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original Proof of Service.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[X]   (BY NORCO OVERNIGHT - NEXT DAY DELIVERY) I placed true and correct copies thereof enclosed in a package designated by Norco Overnight with the delivery fees provided for.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


Executed on November 25, 2014, at Newport Beach, California.

Marilee V. Johnson

PROOF OF SERVICE

2

## ATTACHED MAILING LIST

Gary S. Saunders, Esq.
SAUNDERS LAW GROUP
1891 California Avenue, Ste. 102
Corona, CA  92881
(951) 272-9114; FAX (951) 270-5250
*Attorney for Plaintiff Daniel Dwayne Gordey*

Jennifer N. Asensio, Esq.
**BRYAN CAVE LLP**
3161 Michelson Drive, Suite 1500
Irvine, CA  92612
949-223-7000 Fax: 949-223-7100
Email: asensioj@bryancave.com
*Attorney for Defendant Bank of America, N.A.*

PROOF OF SERVICE

3